(56 Misc. Rep. 351.)

### TIM v. BERRICK.

(Supreme Court, Special Term, New York County. November, 1907.

JUDGMENT—CORRECTION—NAME OF PLAINTIFF.

In an action plaintiff's name was David, but by mistake he was designated in all of the papers as Louis. *Held* that, no substantial right of the defendant being affected by an amendment substituting the right name, it would be allowed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 601.]

Action by David Tim against Max Berrick. Motion to amend judgment and other papers. Granted.

David Tim, for plaintiff.

Steuer & Hoffman, for defendant.

GREENBAUM, J. The papers on these motions were received from the clerk's office a few days ago, although it appears from the file marks that they had been referred to me by Mr. Justice Dowling on August 29, 1906. It appears to be conceded that an order was entered on April 22, 1903, substituting David Tim in place of the previous plaintiff, Louis Tim, and amending "all the papers and pleadings herein" so as to read "David Tim," as plaintiff; that subsequently the case was duly noticed for trial and the cause placed upon the calendar in the name of "David Tim," plaintiff; that thereafter the case was regularly reached upon the calendar for trial, and, no one appearing for defendant, an inquest was taken before me and judgment thereafter erroneously entered as though "Louis Tim" were the plaintiff, instead of "David Tim," who then was the substituted plaintiff, and in whose name the action then stood upon the calendar. It must be obvious that upon the foregoing state of facts the inquest was properly

taken against the defendant, and the correction of the clerical error in amending the judgment so as to contain the name of "David Tim," instead of "Louis Tim," cannot work an injury against defendant, unless, as he claims, his right to appeal from the judgment has thereby been lost.

Defendant asserts that there was no proof upon the inquest of the reassignment of the claim from Louis Tim to David Tim, and hence an appeal would result in a defeat of the judgment. No evidence has been submitted to me of the omission to prove the reassignment; but, assuming that an appeal from the judgment would be successful, I fail to understand how the right of defendant to appeal has been interfered with, in view of defendant's statement that a copy of the judgment had never been served on defendant's attorneys. Code Civ. Proc. §§ 1341, 1294. As the motion to set aside the judgment is not based upon any facts excusing defendant's default, but rests solely upon alleged irregularities, there is no alternative but to deny defendant's motion. As for the plaintiff's motion, it is apparent that the entry of a judgment in an action entitled "Louis Tim" was inadvertent, and that the judgment should have been in the name of "David Tim." No substantial right of the defendant is affected by an allowance of the amendment, and under the power expressed in section 723 of the Code of Civil Procedure permitting such amendments the motion to amend is granted.

The plaintiff having stipulated in his brief to reduce the judgment to the extent of the unauthorized costs, which defendant claimed were taxed against him, the judgment may be further amended by reducing the amount thereof accordingly.